RECEIVED

SEP 15 2011

TONY R. MOORE, CLERK
BY: _____ DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| BETTY GREEN | CIVIL ACTION NO: 10-1909 |
| VERSUS | JUDGE DONALD E. WALTER |
| CAPITAL ONE NATIONAL ASSOCIATION | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment [Doc. #10] filed by the Defendant, Capital One National Association ("Capital One") to dismiss all of the Plaintiff's claims with prejudice. Plaintiff, Betty Green ("Ms. Green"), has not filed an opposition to this motion. For the reasons stated herein, Defendant's motion is **GRANTED** and the Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

## FACTUAL BACKGROUND[1]

Ms. Green filed suit against Capital One alleging damages stemming from an armed robbery at Capital One's Greenwood Road branch in Shreveport, Louisiana. On the morning of November 25, 2009, a masked man entered the bank, discharged his firearm, and demanded that the bank patrons lie on the floor. [Doc. #1, Complaint]. Ms. Green alleges that she was standing at the teller's window when the robber entered the bank, and that the robber grabbed her by the shoulders and demanded that she follow him into a back room. *Id.* Thereafter, Ms. Green alleges that she heard the robber fire another shot and found herself lying on the floor in a back-room with no

---

[1] Plaintiff did not file an opposition or a Statement of Contested Facts. Accordingly, Defendant's Uncontested Facts [Doc. #10-2] are deemed admitted for the purposes of this motion pursuant to Local Rule 56.2.

recollection of how she came to be in that position. *Id.* Ms. Green states that she remained on the floor in severe emotional stress until she was aware that the ordeal was over. *Id.*

Ms. Green states that sometime later she overheard employees of Capital One discussing that a counselor would be coming to the scene to render assistance. She claims that she never saw the counselor, but that she was told by Larry J. Melancon ("Melancon"), Senior Vice-President for Capital One, that she could call him if she needed any help. *Id.* Ms. Green claims that she later called Melancon about her need for counseling, and that he directed her to contact Travelers Insurance for further information.[2] *Id.* Ms. Green alleges that she attempted to obtain counseling services through Travelers Insurance without success. *Id.*

Ms. Green seeks damages from Capital One in the amount of $250,000, plus interest and costs as well as "permanent residual disability counsel[ing] whenever needed." *Id.* Capital One denies that it is liable to Ms. Green, and has moved for summary judgment based on the uncontested facts, and affidavits of individuals familiar with the case.

Capital One submitted an affidavit of Benjamin Keller ("Keller") who has been employed as the Director of Corporate Security for Capital One for five years. [Doc. #10-2 at 2]. Keller has seventeen years of experience in industrial security and investigation, and he has personal knowledge of the security measures in place at the Greenwood Road branch on November 25, 2009. *Id.* According to Keller, the bank's security measures on the day of the robbery included: (a) surveillance cameras to monitor the bank premises, (b) "que-line" monitors that place all customers entering the bank under video surveillance, (c) a bullet-proof glass partition between customers and the tellers, (d) passive and active alarm mechanisms throughout the bank, and (e) dye packs in the

---

[2] Travelers Insurance is not a party to this matter.

cash drawers to discourage robberies. [Doc. #10-3 at 3]. Keller asserts that these measures are consistent with or more secure than the industry practice and standards for similarly situated banking institutions. *Id.*

Capital One also submitted an affidavit of Mr. Larry J. Melancon. Melancon has been the District Manager for Capital One for ten years. On November 25, 2009, he was notified of the robbery and, as part of his job duties, he reported to the bank to assess the situation and to provide assistance to the bank employees and law enforcement. [Doc. #10-2 at 5]. Melancon stated that law enforcement required all bank employees and customers to remain inside the bank for an extended period of time while they were investigating the robbery. *Id.* It was during this time that Melancon informed bank employees that counseling would be available to them upon request. [Doc. #10-2 at 6]. Counseling is provided to employees as both a personnel practice and a worker's compensation benefit. *Id.* Ms. Green approached Melancon while he was still inside the bank and advised him that she was a customer and that she would like to be provided counseling as well. *Id.*

Melancon stated in his affidavit that when he was approached by Ms. Green he did not believe that the bank would provide counseling to a customers. [Doc. #10-2 at 7]. However, he told Ms. Green that he would make inquiries on her behalf about whether such services would be made available under the circumstances. *Id.* Melancon also suggested to Ms. Green that she inquire whether her employer would provide her with counseling benefits. *Id.* Melancon provided Ms. Green with a business card and instructed her to contact him in a few days. *Id.*

Melancon made inquiries with representatives of the Capital One's worker's compensation and general liability insurance carriers to determine whether counseling would be available for Ms. Green. [Doc. #10-2 at 8]. However, Melancon determined that free counseling is not offered to

3

bank customers in similar situations, or any situation. *Id.* Melancon stated in his affidavit that he informed Ms. Green of this information and has not had any further communication with her since then. *Id.* Ms. Green's account of her interaction with Melancon differs slightly. She did not mention the second conversation described by Melancon in her Complaint. Rather, she alleges that she called him about counseling after she was unsuccessful in receiving help through Travelers Insurance, but he did not answer her call. [Doc. #1, Complaint].

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(a) directs that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." [3] A fact is "material" if it may affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is "genuine" if there is sufficient evidence so that a reasonable jury could return a verdict for either party. *Id.* The court must "review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mutual Auto Insurance Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

The moving party bears the initial responsibility of informing the court of the basis for its motion, and identifying those parts of the record that it believes demonstrate the absence of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lawrence v. Univ. of Tex. Med. Branch at Galveston*, 163 F.3d 309 (5th Cir. 1999). The moving party need not

---

[3] Rule 56 was amended effective December 1, 2010. Per the comments, the 2010 amendment was intended "to improve the procedures for presenting and deciding summary-judgment motions and to make the procedures more consistent with those already used in many courts. The standard for granting summary judgment remains unchanged." Therefore, the case law applicable to Rule 56 prior to its amendment remains authoritative, and this court will rely on it accordingly.

produce evidence to negate the elements of the non-moving party's case, but need only point out the absence of evidence supporting the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325; *Lawrence*, 163 F.3d at 311.

Once the moving party carries its initial burden, the burden then falls upon the non-moving party to demonstrate the existence of a genuine dispute as to a material fact. *Matsushita Electrical Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory or unsubstantiated allegations, or by a mere scintilla of evidence. *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). The non-moving party "must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996) (citations omitted).

Pursuant to Local Rule 56.1, the moving party shall file a short and concise statement of the material facts as to which it contends there is no genuine issue to be tried. Local Rule 56.2 requires that a party opposing the motion for summary judgment set forth a "short and concise statement of the material facts as to which there exists a genuine issue to be tried." All material facts set forth in the statement required to be served by the moving party "will be deemed admitted, for purposes of the motion, unless controverted as required by this rule." Local Rule 56.2.

## **LAW AND ANALYSIS**

A.  Whether Capital One is Liable for the Actions of the Robber

The Louisiana Supreme Court has adopted a duty-risk analysis to determine whether liability exists in a situation such as the one presented in this case. *Posecai v. Wal-Mart Stores, Inc.*, 752 So.2d 762, 765 (La. 1999). Whether Capital One had a duty to protect Ms. Green from the criminal

acts of a third person is determined by the facts and circumstances of the case. *Id.*

Under the duty-risk analysis "the plaintiff must prove that the conduct in question was the cause-in-fact of the resulting harm, the defendant owed a duty of care to the plaintiff, the requisite duty was breached by the defendant, and the risk of harm was within the scope of protection afforded by the duty breached." *Id.* (citations omitted). Under the duty-risk analysis, all four inquiries must be answered in the affirmative for the plaintiff to recover. *Id.*

The threshold issue in a duty-risk analysis is whether the defendant owed a duty to the plaintiff. *Pinsonneault v. Merchants & Farmers Bank & Trust Co.*, 816 So.2d 270 (La. 2002) (citing *Posecai*, 752 So.2d at 766). In deciding whether to impose a duty in a particular case the court must look to the unique facts and circumstances presented in a given case. *Posecai*, 752 So.2d at 766. Business owners, as a general rule, are not the insurers of their patrons' safety, but "they do have a duty to protect their patrons from criminal acts when those are acts are foreseeable." *Pinsonneault*, 816 So.2d at 276. The burden of establishing the duty falls on the plaintiff. *Id.* This inquiry is answered via a balancing test, as follows:

> The foreseeability of the crime risk on the defendant's property and the gravity of the risk determine the existence and the extent of the defendant's duty. The greater the foreseeability and gravity of the harm, the greater the duty of care that will be imposed on the business. A very high degree of foreseeability is required to give rise to a duty to post security guards, but a lower degree of foreseeability may support a duty to implement lesser security measures such as using surveillance cameras, installing improved lighting or fencing, or trimming shrubbery. The plaintiff has the burden of establishing the duty the defendent owed under the circumstances.
>
> The foreseeability and the gravity of the harm are to be determined by the facts and circumstances of the case. The most important factor to be considered is the existence, frequency and similarity of prior incidents of crime on the premises, but the location, nature and condition of the property should also be taken into account. It is highly unlikely that a crime risk will be sufficiently foreseeable for the imposition of a duty to provide security guards if there have not been previous instances of crime on the business' premises.

*Pinsonneault*, 816 So.2d at 276 (citing *Posecai*, 752 So.2d at 768).

In the present case Ms. Green has not met her burden of demonstrating that Capital One owed her a duty to provide security measures above and beyond those already in place. Without a duty there cannot be a breach thereof sufficient to create liability. The undisputed material facts contained in the record are that Capital One had security measures in place on November 25, 2009, which were consistent with or more secure than the industry practice and standards for similarly situated banking institutions. [Doc. #10-2 at 3].

The Court is aware that on February 14, 2011, Plaintiff filed a document labeled as "exhibit" without further explanation. The Court can only speculate that the document is a police department record of some sort. However, the document is unauthenticated and is therefore inadmissible for summary judgment purposes. *See Richardson v. Oldham*, 811 F.Supp.1186 (E.D. Tex. 1992) (excluding unauthenticated police reports) (citing *Duplantis v. Shell Offshore, Inc.*, 948 F.2d at 191-92 (5th Cir. 1991)). Because Plaintiff did not file an opposition to the Defendant's motion for summary judgment the Court may only refer to the allegations as set forth in Plaintiff's Complaint, which is void of any allegation that the particular bank branch is especially dangerous. Looking only to the record, there is no evidence to suggest that Capital One had a duty to provide security above and beyond what was in place on the day of the robbery.

Accordingly, the Court must find that the Plaintiff has not met her burden of establishing that Capital One owed her a duty above and beyond it's duty to provide the security measures in place on the day of the robbery. This forecloses any liability against Capital One for damages stemming from the actions of the robber. Plaintiff's claims for monetary damages are dismissed.

### B. Whether Capital One is Required to Provide Counseling Services

The Court now turns to the issue of whether Capital One owes or assumed a duty to Ms. Green to provide counseling services. The existence of a duty and whether such a duty extends to a particular plaintiff is a question of law to be determined on a case by case basis. *McLachlan v. New York Life Ins. Co.*, 488 F.3d 624, 627-628 (5th Cir. 2007) (citations omitted). Louisiana Courts look at various factors in making such a determination, including: (1) whether the imposition of the duty would result in an unmanageable flow of litigation, (2) the ease of the association between plaintiff's harm and defendant's conduct, (3) the economic impact on society and similarly situated parties, (4) the nature of the defendant's activities, (5) moral considerations, particularly victim fault, (6) precedent, and (7) the direction in which society and its institutions are evolving. *Id.* (citations omitted).

None of the foregoing factors support a finding that Capital One has a duty to provide Ms. Green with counseling services. The counseling services requested stem directly from the intentional and criminal act of a third party, not the bank.

It is possible under Louisiana law for one to assume a duty which does not otherwise exist, thus resulting in liability. *See Harris v. Pizza Hut of Louisiana*, 455 So.2d 1364 (La. 1984). However, the undisputed material facts do not support a finding that Capital One assumed a duty to provide counseling to Ms. Green.

When Melancon was approached by Ms. Green about the possibility of Capital One providing counseling services he advised her that he would make inquiries as to whether such services were available. [Doc. #10-2 at 7]. He did not promise her that such services would be provided. Further, the undisputed material facts provided by Capital One indicate that Melancon

suggested that she check with her employer about whether they offered psychological services as an employee benefit. *Id.* Melancon later advised Ms. Green that Capital One did not provide free counseling to its customers in similar situations. [Doc. #10-2 at 8]. Given these facts, it is clear that Capital One did not assume a duty to provide Ms. Green with counseling.

## CONCLUSION

In the absence of any evidence to suggest that Capital One breached any duty owed to Ms. Green or assumed a duty to provide counseling services, Capital One is entitled to judgment in its favor as a matter of law. Accordingly, Capital One's Motion for Summary Judgment [Doc. #10] is hereby **GRANTED**. Plaintiff's claims shall be **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED**, this 15 day of September, 2011.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE